UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS ANGEL GUERRIDO-MEDINA,

Plaintiff, 9:26-CV-0760 (ECC/DJS)

v.

JOHN DOE BOP MEDICAL PROVIDERS 1-5 and
JOHN DOE BOP SUPERVISORY OFFICIALS 6-10,

Defendants.

---

APPEARANCES:

LUIS ANGEL GUERRIDO-MEDINA
Plaintiff, pro se
46025-069
PETERSBURG LOW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

ELIZABETH C. COOMBE
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

On April 22, 2026, pro se plaintiff Luis Angelo Guerrido-Medina ("plaintiff") commenced this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) ("Bivens") asserting claims arising out of his confinement at Ray Brook Federal Correctional Institution ("Ray Brook FCI"). Dkt. No. 1 ("Compl."). Plaintiff also submitted an application to proceed in forma pauperis ("IFP"). Dkt. No. 4 ("IFP Application").

By Decision and Order filed on June 11, 2026 (the "June 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 6. On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

On September 24, 2026, plaintiff filed an amended complaint. Dkt. No. 11 ("Am. Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the June 2026 Order and will not be restated in this Decision and Order. *See* Dkt. No. 6 at 2-4.

### B. Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following new defendants: Northeast Regional Clinical Director John Doe ("Director Doe"); Health Services Administrator John/Jane Doe ("Admin. Doe"); Audiology/Hearing-Aid Review Provider Jane/John Doe ("Provider Doe"); and Warden M. Schreiber ("Schreiber").[1] *See* Am. Compl. at 1, 4. The following facts are set forth as alleged by plaintiff in his amended complaint.

On or about July 24, 2023, plaintiff presented at sick call complaining of right ear pain. Am. Compl. at 4. Plaintiff was evaluated by medical staff/non-parties, who noted "slight

[1] The Clerk of the Court is directed to amend the Docket Report to include these defendants. The Clerk is further directed to terminate John Doe BOP Medical Providers 1-5 and John Doe BOP Supervisory Officials 6-10 from the Docket Report.

redness" in plaintiff's right ear. *Id.* On October 2, 2023, plaintiff sought medical care for worsening ear pain and headaches and was treated by a non-party with Ibuprofen. *Id*. On October 26, 2023, plaintiff returned to medical complaining of ringing and pressure in both ears. *Id.* A non-party nurse diagnosed plaintiff with tinnitus and submitted a consultation request for an ENT specialist. Am. Compl. at 4.

"Shortly after" October 25, 2023, Director Doe, the Health Services Administrator responsible for ensuring that plaintiff's testing and follow-up care were timely completed, reviewed the consultation request and "deferred" the consultation. Am. Compl. at 4, 11. Director Doe "substituted a CT scan of the temporal bones." *Id.* at 4. Director Doe did not examine plaintiff. *Id*. at 5.

On October 29, 2023, plaintiff submitted a request to "institutional officials" explaining that his ear condition had worsened. Am. Compl. at 5.

Admin. Doe was responsible for ensuring that the necessary diagnostic testing and follow-up care was timely scheduled and completed. Am. Compl. at 6. "Nearly seven months" later, plaintiff underwent the CT scan which was interpreted as "unremarkable." Am. Compl. at 6. Plaintiff continued to suffer from constant ringing in his ears, anxiety, inability to sleep, and difficulty hearing. *Id*. Plaintiff's ENT referral was not rescheduled and no alternative specialist evaluation was arranged. *Id*.

On September 30, 2024, plaintiff filed an "informal grievance" requesting a specialist. Am. Compl. at 7. On October 3, 2024, plaintiff was advised that "the next step was a hearing test," which would be delayed because the institution was waiting "for the hearing booth's computer programs" to be updated. *Id.*

On December 16, 2024, plaintiff received a hearing test. Am. Compl. at 7. The test confirmed "mild-to-moderate hearing loss." *Id*. Provider Doe, who was responsible for determining whether plaintiff should receive hearing aids, "reviewed or participated in reviewing [plaintiff's] hearing-test results." *Id*. at 3, 7-8. Plaintiff was not provided with hearing aids. *Id.* at 8.

Plaintiff continued to write to "health services" and non-party providers requesting an ear specialist. Am. Compl. at 8.

On March 6, 2025, Schreiber responded to plaintiff's grievance and acknowledged plaintiff's diagnoses and diagnostic testing. Am. Compl. at 8. Schreiber stated that plaintiff "did not meet the criteria for hearing aids." *Id.* at 9.

On August 11, 2025, "BOP issued [plaintiff] hearing aids" Am. Compl. at 9.

Construing the amended complaint liberally, plaintiff alleges Eighth Amendment deliberate medical indifference claims. *See generally* Am. Compl. Plaintiff seeks monetary damages. *Id*. at 14.

**C. Analysis**

The law related to deliberate medical indifference claims was discussed in the June 2026 Order. *See* Dkt. No. 6 at 7-9. Of relevance, the Court noted:

> "Inmates do not have a right to choose a specific type of treatment." *Veloz v. New York*, No. 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004). A professional decision not to administer a specific medical test, regardless of a prisoner's disagreement, is an example of the type of medical judgment that is given judicial deference. *See Curtis v. Williams*, No. 11 Civ. 1186, 2013 WL 1915447, at *7 (S.D.N.Y. May 9, 2013) (citing *Estelle*, 429 U.S. at 107 (1976)) ("[A] medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists

> or the timing of their intervention, are not adequate grounds for a [§] 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.").

Dkt. No. 6 at 9.

In the June 2026 Order, the Court dismissed plaintiff's deliberate indifference claims reasoning that "[p]laintiff's dissatisfaction with the decision to substitute the diagnostic test for a specialist consultation is nothing more than a quarrel with the nature of his treatment." Dkt. No. 6 at 9. The Court further held, "a delay in administering the CT scan does not, by itself, plausibly suggest deliberate indifference to plaintiff's serious medical needs." *Id.* The Court concluded:

> Here, the complaint lacks any facts related to the reasons, if any, for the delay, whether plaintiff complained about his medical issues to Director Doe during the delay, and whether he requested, and was denied medical treatment during the seven month delay. In summary, there are no facts to plausibly suggest that Director Doe knew that plaintiff was experiencing pain and declined to act to take further steps to ensure that plaintiff received a CT scan. Allegations of mere negligence are not enough to support a § 1983 claim.

Dkt. No. 6 at 9.

With the amended complaint, plaintiff restates his Eighth Amendment claim against Director Doe and asserts new Eighth Amendment claims against Director Doe, Admin. Doe, Provider Doe, and Schreiber. For the reasons that follow, plaintiff's claims are dismissed.

First, the Court notes that plaintiff does not allege that he was denied medical care. Between July 2023 until August 2025, plaintiff was treated at sick call, received Ibuprofen for pain, underwent a CT scan and hearing test, and received hearing aids. *See generally* Am. Compl. During that time, plaintiff repeatedly "placed institutional officials and Health Services on notice" that he was suffering from strong ear pain, ringing in his ear, inability to sleep, and

"worsening symptoms," but he does not allege that he was denied treatment. *See id.* Instead, plaintiff's arguments arise from his dissatisfaction with "prolonged delays" in his treatment and a disagreement with decisions related to whether he should be evaluated by a specialist.

"The Eighth Amendment's prohibition on cruel and unusual punishment does not afford inmates the right to dictate the timing or manner of their medical treatment by picking out their own providers, choosing their own diagnostic techniques, selecting their own treatment modalities, or consulting with specialists of their choice." *Alke v. Adams*, 2018 WL 5297809, at *8 (N.D.N.Y. Oct. 25, 2018) (citation omitted), *aff'd*, 826 Fed. App'x 4 (2d Cir. 2020) (summary order). Here, while plaintiff would have preferred to receive his hearing aids in a more expedited manner and believed that a consultation with a specialist was necessary, that disagreement does not create a constitutional claim. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *see also Wandell v. Koenigsmann*, No. 99 CIV. 8652, 2000 WL 1036030, at *4 (S.D.N.Y. July 27, 2000) ("[t]he fact that plaintiff believes he should have been prescribed crutches earlier, i.e. immediately, may state a claim for medical malpractice, but does not rise to the level of a constitutional violation."). The allegations against Director Doe, Admin. Doe, and Provider Doe "implicate medical judgments" which does not sufficient to support a claim under the Eighth Amendment. *See Sonds,* 151 F.Supp.2d at 312.

Second, the amended complaint lacks facts suggesting that any defendant acted with the necessary culpable intent. Indeed, plaintiff has not alleged that any of the named defendants were personally involved in any constitutional violation. As discussed in the June

2026 Order, "a plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation omitted). Here, plaintiff does not allege that he wrote to, spoke with, or interacted with Director Doe, Admin. Doe, and Provider Doe. Plaintiff does not allege that he complained to any named defendant about his worsening symptoms or that he asked for, and was denied treatment from any defendant. Plaintiff attempts to impute liability upon Director Doe, Admin. Doe, and Provider Doe based upon the fact that he made "continued complaints" to "Health Services" and "institutional officials" *See* Am. Compl. at 5-6. However, plaintiff does not allege that these complaints were directed to, or received by, defendants or that he notified Director Doe, Admin. Doe, or Provider Doe of his symptoms and worsening condition. In fact, plaintiff did not identify any "official" or "health services" employee that he notified, when he notified the individual(s), and what response, if any, he received.

Third, the pleading lacks facts suggesting that defendants intentionally delayed treatment or chose treatments with any culpable intent, that they acted in a manner to punish plaintiff, or that they relied upon a non-medical reason when making determinations. Indeed, plaintiff concedes that he was cautioned that the hearing test would be delayed due to "updates." *See* Am. Compl. at 7.

Finally, with respect to Schreiber, plaintiff claims that Schreiber was deliberately indifferent to his serious medical needs because he "personally responded to [plaintiff's] March 6, 2025 grievance" and "ratified or continued the denial of effective treatment." *See* Am. Compl. at 13. "In light of *Tangreti,* plaintiff's attempt to plead personal involvement based upon the denial of a grievance and/or appeals, lacks merit because it does not

plausibly suggest [t]he factors necessary to establish a [constitutional] claim." *Fabrizio v. Smith*, No. 9:20-CV-0011 (GTS/ML), 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021) (internal quotation marks omitted), *report and recommendation adopted by* 2021 WL 2211023 (N.D.N.Y. June 1, 2021). Even before *Tangreti,* courts in this Circuit have held that denying grievances related to past conduct is not enough to plausibly suggest that defendants were personally involved in the alleged wrongdoing. *See Murrell v. Wolcott,* No. 6:22-CV-06019, 2023 WL 12052535, at *5 (W.D.N.Y. Feb. 13, 2023). Here, plaintiff has not alleged that Schreiber is a physician or that he was personally involved in any medical decisions, that he participated in any decisions, or that Schreiber was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." *See id.*

For the reasons set forth in the June 2026 Order and herein, plaintiff's Eighth Amendment claims are dismissed.

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord Brown v. Peters,* No. 95–CV–1641 (RJP), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. Accordingly, the Court finds that any further amendment would be futile.

## III. CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 11) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that the amended complaint (Dkt. No. 11) is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

Dated: November 3, 2026

**Elizabeth C. Coombe**
**U.S. District Judge**